IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

      Plaintiff,                    No. CIV S-07-2150 GEB JFM P

   vs.

DION, et al.,

      Defendants.          <u>ORDER</u>

                                /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $1.38 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 2007 WL 1461066, slip op. at 8 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (June 4, 2007) (quoting Bell, slip op. at 7-8, in turn

quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Erickson</u>, <u>id.</u>, and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

        Plaintiff filed this action on October 10, 2007.  On October 26, 2007, plaintiff filed an amended complaint as of right.  <u>See</u> Fed. R. Civ. P. 15(a).  Plaintiff names three defendants in the body of the amended complaint, including R. J. Subia, the Warden of Mule Creek State Prison.  There are no charging allegations against Warden Subia, and it appears that he has been named as a defendant solely based on his supervisorial role at the prison.  <u>See</u> Amended Complaint, filed October 26, 2007, at 2.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u>.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S. 941 (1979).  For these reasons, the court will not order service of process on Warden Subia.

        The amended complaint states a cognizable claim for relief against the other two named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

        On November 28, 2007, plaintiff filed a document styled "Plaintiff's First Request for Production of Documents."   Plaintiff is informed that court permission is not necessary for discovery requests and that neither discovery requests served on an opposing party nor that party's responses should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Service is appropriate for the following defendants:  Sgt. Dion; C/O Mason.

        2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed October 26, 2007.

        3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

            a. The completed Notice of Submission of Documents;

            b. One completed summons;

            c. One completed USM-285 form for each defendant listed in number 1 above; and

            d. Three copies of the endorsed amended complaint filed October 26, 2007.

        4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

        5. Plaintiff's November 28, 2007 first request for production of documents will be placed in the court file and disregarded. Plaintiff is cautioned that further filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

DATED: December 18, 2007.

                      _/s/ John F. Moulds_
                      UNITED STATES MAGISTRATE JUDGE

12
dion2150.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,
       Plaintiff,                          No. CIV S-07-2150 GEB JFM P

    vs.

DION, et al.,                          NOTICE OF SUBMISSION
       Defendants.               OF DOCUMENTS
_____/

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

         _____ completed summons form
         _____ completed USM-285 forms
         _____ copies of the _____
                              Amended Complaint

DATED:

                                                      _____
                                                      Plaintiff