IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

        Plaintiff,                  No. 2:07-cv-2150 GEB JFM (PC)

   vs.

DION, et al.,

        Defendants.         FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's claims that his rights under the Eighth Amendment were violated when defendant Dion used excessive force in putting leg restraints too tightly on plaintiff and when defendant Mason refused to loosen the restraints. This matter is before the court on defendants' motion to dismiss pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b) for failure to exhaust administrative remedies prior to suit. On January 25, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

/////

/////

1

1  "Section 1997e(a) of Title 42 of the United States Code provides:

2  No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
3  confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

5  This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."
6  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Exhaustion must precede the filing of
7  the complaint and compliance with the statute is not achieved by satisfying the exhaustion
8  requirement during the course of an action. Id. Defendants have the burden of establishing that
9  plaintiff failed to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). See Wyatt, 315
10 F.3d at 1120.

11         In support of their motion to dismiss, defendants have presented evidence that
12 plaintiff did not exhaust administrative remedies with respect to the claims at bar prior to
13 bringing this action. See Declaration of S. Chapman in Support of Motion to Dismiss, filed April
14 10, 2008, at ¶ 11; Declaration of S. Viles in Support of Motion to Dismiss, filed April 10, 2008,
15 at ¶ 11; Declaration of E. Reyes in Support of Motion to Dismiss, filed April 10, 2008, at ¶ 13.
16 In his opposition to the motion, plaintiff acknowledges that he did not file a grievance concerning
17 the incident at issue. Opposition, filed May 16, 2008.[1] Accordingly, this action must be
18 dismissed without prejudice. See McKinney, at 1200.

19         For the foregoing reasons, T IS HEREBY RECOMMENDED that:
20         1. Defendants' April 10, 2008 motion to dismiss be granted; and
21         2. This action be dismissed.
22 /////

---

[1] Plaintiff contends that he did not file a grievance because the incident had already happened. Id. That does not excuse his failure to exhaust administrative remedies where, as here, an administrative grievance process was available to plaintiff. See Cal Code Regs., tit.15, § 3084.1(a) (administrative appeal available to inmate for any departmental action having an adverse effect on inmate's welfare).

1   These findings and recommendations are submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3   days after being served with these findings and recommendations, any party may file written
4   objections with the court and serve a copy on all parties.  Such a document should be captioned
5   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
6   failure to file objections within the specified time may waive the right to appeal the District
7   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8   DATED:  October 14, 2008.

UNITED STATES MAGISTRATE JUDGE

12
harp2150.mtd